UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

ROY LEE WIMS, JR.
ANNA MICHELLE WIMS,
    Debtor(s).
_____/

CASE NO. 3:07-bk-04637-JAF

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

**THIS CASE** is before the Court on the Trustee's Objection to Debtors' Claim of Exemptions. Upon hearing held May 7, 2008, evidence presented and argument of counsel, the Court

**FINDS that:**

The debtors filed a voluntary petition under Chapter 13 on October 16, 2007 (Trustee's Exhibit 5). Upon filing the Chapter 13 case, the debtors also filed Schedules A and C (Trustee's Exhibits 1 and 2 respectively). Schedule A listed the debtors' interest in homestead property located at 9019 Derrickson Drive, Jacksonville, Florida and Schedule C listed the same property as exempt pursuant to Fla. Const. Art. X, Sec. 4(a)(1). On the day the debtors filed their petition, they intended to retain their homestead. Counsel for the debtors proffered the debtors' testimony, advising the Court, that at the time the petition was filed, the debtors intended to retain their homestead and continue living there. Counsel for the debtors also proffered testimony that the debtors, while still living in the home, anticipated surrendering the home to the mortgage holder shortly.

On February 22, 2008, the debtors filed a Notice of Voluntary Conversion to Case Under Chapter 7 (Trustee's Exhibit 5) and the Clerk's Office issued a Notice of Conversion of Case to Chapter 7 on February 26, 2008 (Trustee's Exhibit 5). The Notice set a new meeting a creditors and noticed to creditors the appointment of the Chapter 7 Trustee, Robert Altman. On March 6, 2008,

the debtors filed Amended Schedule C (Trustee's Exhibit 3). The Amended Schedule C is identical to the original Schedule C (Trustee's Exhibit 2) except in two respects. The claim of exemption in the homestead was removed and the debtors added a claim of exemption in their 2007 expected tax refund in the amount of $3,000.00 pursuant to Fla. Stat. §222.25(4).

The debtors' 2007 tax return (Trustee's Exhibit 4) shows a refund due the debtors of $3,060.00. The Trustee takes the position that $2,296.82 of the refund belongs to the estate.[1]

The issue before the Court is whether the debtors, after converting this case to Chapter 7 and agreeing to surrender their home, can now claim property exempt under the enhanced personal property exemption provide by Fla. Stat. §222.25(4). Fla. Stat. §222.25(4) states as follows:

> The following property is exempt from attachment, garnishment or other legal process:
>
> . . .
>
> (4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4 Art. X of the State Constitution. . . .

In this case, did the Debtors receive the benefits of a homestead exemption under the State Constitution preventing them from taking advantage of the enhanced personal property exemption? The answer is clearly yes. When a bankruptcy petition is filed, a picture of the debtor's assets and liabilities is taken and is used, subject to some exceptions, to determine the respective rights of parties in the administration by the Trustee of the assets. The right to claim an exemption is governed "by the facts and governing circumstance which existed on the date the petition was filed and not by any changes which may have occurred thereafter." *In re Rivera*, 5 B.R. 313, 315-16 (Bank. M.D. Fla 1980).

---

[1] $3,060.00 divided by 365 equals $8.38 times 289 days (January 1, 2007 - October 16, 2007) equals $2,421.82. The debtors may still claim an additional $125.00 exempt under the $1,000.00 individual personal property exemption to which each of the debtors are entitled leaving $2,296.82 belonging to the estate.

The Florida Constitution at Art. X, Sec. 4 provides:

> Homestead; exemptions.—
>
> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
>
> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family;

The debtor is not required to take any action to assert the homestead exemption. To this extent the exemption is "self executing". *In re Magelitz*, (Bank. N.D. Fla., Case No. 07-31105 2008) citing *Hutchinson Shoe Co. V. Turner*, 100 Fla. 1120, 130 So. 623 (Fla. 1930). The test for whether the exemption can be claimed is two fold under Fla Stat. §222.25(4). First, whether the debtor claims the benefit of the homestead or second, whether the debtor receives the benefit of the homestead exemption. In this case, the debtor claimed the homestead exemption on the date the petition was filed, October 16, 2007. No other inquiry should be necessary. The debtors attempted to waive the claim to the homestead exemption on March 6, 2008, nearly 5 months after making the claim[2]. Assuming such a waiver were effective, the debtors attempt to substitute the exemption claim provided by Fla. Stat. §222.25(4) for the homestead exemption. The debtors held title to the home on the date of the petition, lived in the home, intended to maintain the home as their homestead and made payments toward the mortgage under their Chapter 13 plan. "The word 'receive' is in the present tense. This is consistent with the general proposition that a debtor's entitlement to an

---

[2] "Post-filing changes in the debtor's status, therefore, are immaterial to the consideration of whether property retain its exempt status." *In re Franzese*, 383 B.R. 197, 203 (Bankr. M.D. Fla. 2008).

exemption is determined as of the date of the petition" *In re Gatto*, 380 B.R. 88, 92 (Bankr. M.D. Fla. 2007). "Thus the second exclusion is intended to ensure that a debtor who does not affirmatively claim the homestead exemption must not be able to indirectly receive its benefit while claiming the Statutory Personal Property Exemption." *Id.* On the petition date the debtors "receive[d] the benefits of a homestead exemption under s. 4 Art. X of the State Constitution" and therefore can not claim the exemptions provided by Fla. Stat. §222.25(4).

**It is ORDERED:**

1. Trustee's Objection to Debtor's Claim of Exemptions is Sustained.

2. The Debtors may claim $125.00 of their 2007 tax refund exempt pursuant to Art. X, Sec. 4, Fla. Const. The remaining exemption claimed by the debtors in their 2007 tax refund is disallowed.

3. Any other exemptions claimed by the Debtors but objected to by the Trustee are disallowed.

4. The debtors' 2007 tax refund in the amount of $2,296.82 is property of the estate and shall be turned over to the Trustee by cashier's check or money order made out to Robert Altman, Trustee, P.O. Box 922, Palatka, FL 32178-0922, on or before 10 days from the date of this Order.

DATED this _20_ day of May 2008 at Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
 Robert Altman, Trustee
 Roy Lee Wims, Jr. and Anna Michelle Wims, Debtor
 Rehan N. Khawaja, Attorney for Debtor
 Office of the U. S. Trustee